IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADAM STREGE, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-667-L-BK |
| | § | |
| CHARLES SCHWAB, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Strege's motion to proceed *in forma pauperis* but did not issue process. Doc. 9. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On March 12, 2024, Adam Strege, of Las Cruces, New Mexico, initiated this civil action by filing a *pro se* complaint against several financial firms, banks, the Financial Industry Regulatory Authority (FINRA), its CEO, and the Commissioner of the Social Security Administration. Doc. 3 at 1. The complaint is largely incoherent and nonsensical. By way of example, Stege pleads:

> 100% God Loves to spread Corona Virus Nuclear Missiles God Loves Launch Corona Virus Nuclear Missiles God Loves. God Loves Nuclear Missiles the size 2 Atoms Nuclear Missiles God Loves atoms carry virus and plague Nuclear Missiles God Loves Atoms Launch Corona Virus and Plague Nuclear Missiles God Love 100% Atom God loves Nuclear Missiles. God loves to Help save the baby atoms the weakest atoms eat nuclear radiation and Corona Virus atoms go die in food source Harming Nature to save nature God Loves Atoms 100% God Loves to Give

> Adam Strege Computers that speak to atoms and listen to Atom Computers God Loves 100% God Loves Nuclear Missiles the size of one sun light ray Nuclear Missiles Sun Light Rays God 100% Loves sun Light Ray Nuclear Missiles.
>
> * * *
>
> Plaintiff Adam Strege alleges . . . [Defendants] violate FCRA Fair Credit Reporting Act 15 U.S.C. § 1681 threw FCRA 12 U.S.C §§ 1830-1831, Whistleblower Protection Act (WPA) 5 U.S.C. 2302- 101-12 a s amended , 18 U.S. Code§ 1091, ICC war crimes, crimes against humanity and aggression CAHWCA, Common torts assault, battery, damage to personal property, conversion of personal property, and intentional infliction of emotional distress, Federal Business Torts Laws, Federal Fraud Tort Laws and Federal economic tort Laws, 18 U.S. Code§ 1951, 15 U.S. Code§ 7701 CAN-SPAM Act, Sherman Act, 15 U.S. Code§ §§ 1-38, RICO Act §1962(d) 42 USC 1346(b), Federal Tort Claims Act FTCA 28 U.S. Code 2671 to 2680,, 42 USCS 1983, 1985, 1986, 28 USCS 133l(a) - 1334, 18 U.S. Code§ 1341, 18 U.S. Code§ 1343, Title VII Civil Rights Act 42 U.S.C. §§ 2000e to 2000e-17 , 42 U.S.C. §§ 12101 Americans with Disabilities Act, by *Conspiring to conceal Murder and Rob Billion People to put a Billion Human Hearts in Nuclear Fuel, Human Body Parts in Hamburger* and making it so Adam can 100% never work Agin and no Bank Can Verify Adam Strege can do 100% nothing because the Government and Banks murder or Harass all complainers and people that file lawsuits will never work again and never bank Agin because only Rich People have Rights and 100% all People have zero Rights in Court that 100% nobody wins in Court so Banks harass or murder 100% all people they do not like because there 100% nothing people can about it so Adam Strege 100% *only Means Relief God Loves Launch Nuclear Missiles to Kill a Trillion Planets People that are Putting People Human Hearts in Nuclear Fuel and Human Body Parts in hamburger*.

Doc. 3 at 1-3. (emphasis added and errors in original). The remainder of the complaint is similarly disjointed and incomprehensible. And as is apparent from the foregoing, Strege fails to present a cognizable federal claim and his factual contentions are both delusional and deficient.

## II. ANALYSIS

Strege's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses

allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Strege has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated here, his factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Strege's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Strege has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Strege could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. SANCTION WARNING

Strege has an extensive and abusive filing history in federal courts nationwide. A review of the PACER Case Locator reflects that Strege has filed over 50 cases, and many have been dismissed as legally or factually frivolous and he has been denied leave to proceed *in forma*

*pauperis*.[1]  *See, e.g.*, *Strege v. United States Postal Serv.*, No. 2:15cv6143 (C.D. Cal. Aug. 21, 2015), *appeal dismissed*, No. 15-56464 (9th Cir. Dec. 10, 2015) (denying motion to proceed *in forma pauperis* because the appeal was frivolous); *Strege v. United States Postal Serv.*, No. 2:15cv7405 (C.D. Cal. Sep. 29, 2015); *Strege v. Comm'r, SSA*, No. 1:20cv3084 (D. Colo. Nov. 12, 2020); *Strege v. Vos, et al.*, No. 3:21cv1572 (D.P.R., Oct. 13, 2022); *Strege v. Luke, et al.*, No. 0:23cv3147 (D. Minn. Oct. 10, 2023); *Strege v. Hanson, et al.*, No. 0:23cv3102 (D. Minn. Oct. 25, 2023); *Strege v. FBI, et al.*, No. 1:23cv3437 (D.D.C. Nov. 30, 2023); *Strege v. Nat'l Nuclear Sec. Admin., et al.*, No. 3:23cv803 (E.D. Va. Dec. 20, 2023); *Strege v. Minnesota Supreme Court et al.*, 0:23cv3697 (D. Minn. Dec. 21, 2023).

Also, the Court of Appeals for the Tenth Circuit has previously warned Strege that he could be subject to filing restrictions if he submits further frivolous filings.  *Strege v. Comm'r, SSA*, No. 21-1311 (10th Cir. Feb. 18, 2022).  Strege should be warned here that if he persists in filing frivolous or baseless claims, or cases that fail to state a claim, this Court may impose monetary sanctions and likewise bar him from bringing any further action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).

Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A*., 808 F.2d 358, 359 (5th Cir. 1986).  Moreover,

---

[1] The PACER Case Locator is available at https://pcl.uscourts.gov/pcl/index.jsf (last accessed on Mar. 25, 2024).

litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

### V. CONCLUSION

Strege's complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). In addition, Strege should be warned that if he persists in filing frivolous or baseless action, or cases that fail to state a claim, monetary sanctions may be imposed and he may be barred from filing any future lawsuits. FED. R. CIV. P. 11(b)(2)&(c)(1).

**SO RECOMMENDED** on April 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).